**Robert Eugene BEENE,**
**Plaintiff–Appellant,**

v.

**Cal A. TERHUNE; James Nielson; Roger Schaufel; J.M. Widener, Parole Agent, Defendants–Appellees.**

**No. 03–15678.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Filed Aug. 19, 2004.

Christopher S. Yates, David M. Friedman, and Benjamin Hughes, Latham & Watkins LLP, San Francisco, CA, for plaintiff-appellant Robert Beene.

Stephen P. Acquisto, Deputy Attorney General of the State of California, Sacramento, CA, for defendants-appellees James Nielson, J.M. Widener, and Roger Schaufel.

Before: B. FLETCHER, TROTT, and FISHER, Circuit Judges.

BETTY B. FLETCHER, Circuit Judge:

Robert Eugene Beene brings this 42 U.S.C. § 1983 action, alleging that he was erroneously required to register as a sex offender under California Penal Code § 290 for an offense he committed as a juvenile in Arkansas in 1972. Beene alleged in his complaint that defendants/appellees James Nielson, Chairman of the Board of Prison Terms; Pat Davis, his parole hearing officer; Roger Schaufel, Deputy Commissioner of the Board of Prison Terms; and J.M. Widener, his parole officer violated § 290 and his right to equal protection and due process by revoking his parole for failing to register. We review the district court's grant of summary judgment de novo and we affirm. *See Diruzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir.2003) (stating standard of review).

## I.

In November 1972, when Beene was sixteen years old, he pled guilty to assault with intent to rape in Pulaski County, Arkansas. Beene was sentenced to five years probation and given a fifteen year suspended sentence. There is no record evidence indicating that the Arkansas circuit court sentenced Beene as a juvenile; rather, his suspended sentence was for fifteen years in the Arkansas State Penitentiary.

In Arkansas in December 1973, Beene was convicted of armed robbery. He was sentenced to twenty years in prison, but was paroled in 1979. Beene's earlier suspended sentence for assault with intent to rape was revoked and ran concurrently with his sentence for robbery. Although not entirely clear from the record, it appears that Beene at first was confined in the Tucker Reformatory Institute, a youth offender unit at the Arkansas State Peni-

tentiary, but eventually was transferred to an adult unit.

After he was paroled in Arkansas, Beene moved to California. During the 1980s, he was convicted of a few misdemeanors and served several short prison terms in California. In 1994, Beene was convicted of second degree robbery and sentenced to two years in prison. When California prison officials were preparing to release Beene in October 1995, they informed him for the first time that because of his 1972 Arkansas conviction, he would be required to register as a sex offender as a condition of parole. At a parole interview shortly thereafter, parole agent Lloyd Roberts allegedly told Beene that the registration requirement did not apply to him.

Beene was released on parole on October 9, 1995. His parole was revoked in January 1997 for possession of a controlled substance, and as a result, he was incarcerated until February 1998. When Beene was released again in February 1998, he was informed that sex offender registration was a condition of his parole. Beene did not register as a sex offender, and his parole was revoked for failure to register. He served eleven months for that parole violation.[1]

The magistrate judge issued findings and recommendations in this case, which the district court adopted in full. The district court granted summary judgment to defendants Widener and Schaufel because it held they were entitled to absolute immunity for recommending and upholding, respectively, the revocation of Beene's parole.[2] The district court held that Nielson, the Chairman of the Board of Prison Terms, could not be held liable in his supervisory capacity for damages, and held that Beene's due process claim for injunctive relief against Nielson failed on the merits. The district court found that Beene was convicted as an adult for his 1972 Arkansas crime and that accordingly, he was properly required to register because § 290 applies to all adults convicted of qualifying crimes. Beene appealed. We affirm the district court's grant of summary judgment on other grounds.

## II.

The California sex offender registration statute, Cal.Penal Code § 290, *et seq.* (2004), has separate provisions requiring registration by adult and juvenile offenders. The following provision of Cal.Penal Code § 290 is applicable to adult convictions:

> (2) The following persons shall be required to register pursuant to paragraph (1):
>
> . . . .
>
> (D) Any person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including any state, federal, or military court, of any offense that, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subparagraph (A). . . .

Cal. Pen.Code § 290(a)(2)(D). Among the "offenses described in subparagraph (A)"

1. Beene appealed the parole revocation and challenged the condition that he register as a sex offender. The Board of Prison Terms (Deputy Commissioner Schaufel, a defendant/appellee in this case) denied the appeal on the ground that Beene had been convicted of California Penal Code § 220, assault with intent to rape, and was therefore required to register. Although not at issue in this appeal, this decision was in error because Beene has never been convicted of violating § 220 of the California Penal Code. However, he was convicted in Arkansas of a similar offense.

2. The district court first dismissed Pat Davis, who is deceased, from the complaint because it was not properly served on her estate. Beene does not appeal this dismissal.

of § 290(a)(2) is California Penal Code § 220, which sets forth the punishment for assault with intent to commit rape, the same offense of which Beene was convicted in Arkansas in 1972.

Under the so-called juvenile provisions, people who committed qualifying crimes as juveniles in California are not required to register if the crime was committed before 1986, while out-of-state juvenile offenders must register regardless of when the qualifying crime was committed. Cal. Pen. Code § 290(d)(1)-(2). The State concedes that if Beene had been required to register under the juvenile provisions, his case might present an "equal protection problem." However, the State argues, and we conclude, that the adult provisions of § 290 apply to Beene, because the offense for which he was convicted in Arkansas "would have been punishable" in California as one of the qualifying offenses at the time of his conviction.

The California Supreme Court has twice interpreted the phrase "would be punishable" in a parallel statutory context, when applying the death penalty special circumstance for previous murders to out-of-state juvenile offenders. *See* Cal. Pen. Code § 190.2(a)(2) ("For the purpose of this paragraph, an offense committed in another jurisdiction, which if committed in California *would be punishable* as first or second degree murder, shall be deemed murder ....") (emphasis added). First, in *People v. Andrews*, 49 Cal.3d 200, 260 Cal.Rptr. 583, 776 P.2d 285, 298 (1989), the Court held that the word punishable did "not denote certainty of punishment, but only the capacity therefor." The *Andrews* Court held that to prove an out-of-state juvenile offense would be punishable in California, the State need not prove that the procedural protections for juveniles in the other state were similar to those in California. *Id.* at 298–99. Instead, it was sufficient to note that the elements of the crime at issue were the

same in both California and the state of conviction, *id.* at 299, and that "[a]ny minor between the ages of 16 and 18 who commits murder in California, and has been found unfit to be treated as a juvenile, *can be* tried and convicted as an adult and thus be liable to punishment as a murderer." *Id.* at 298 (emphasis added).

In 2001, the California Supreme Court again addressed previous out-of-state murders by juveniles under § 190.2(a)(2), and expanded the holding of *Andrews*. The *Trevino* Court held that it was irrelevant whether the defendant was a juvenile when he committed a previous, out-of-state crime. *People v. Trevino*, 26 Cal.4th 237, 109 Cal.Rptr.2d 567, 27 P.3d 283, 285 (2001). Rather, in determining what "would be punishable" in California, "the focus is on the *conduct*, not the age or other personal characteristics of the person who engaged in that conduct. It is the *offense*, and not necessarily the offender, that must satisfy statutory requirements for punishment under California law as first or second degree murder." *Id.*

Beene argues that he would not have been punishable for assault with intent to rape had he committed the crime in California, because he was only sixteen at the time of the offense. It is true that California Penal Code § 290(a)(2)(D) does not apply to defendants who were adjudged juvenile wards of California courts. *See In re Bernardino S.*, 4 Cal.App.4th 613, 5 Cal.Rptr.2d 746, 748 (1992) (holding that state legislature did not intend for section (a)(2)(D) to apply to juvenile wards of the court); *see also In re Steven C.*, 9 Cal. App.3d 255, 88 Cal.Rptr. 97, 102 (1970) ("[A] proceeding in the juvenile court is not deemed a criminal proceeding nor a proceeding designed to punish the minor...."). Although Beene was a juvenile at the time of his 1972 conviction, under

California law, the relevant question is whether the *offense* for which Beene was convicted "would have been punishable" in California, not whether Beene himself would have been punished in California. Additionally, it is clear that Beene could have been convicted as an adult in California even though he was only sixteen.

Beene was required to register as a sex offender under § 290, which requires registration if an out-of-state offense "would have been punishable" under California law. Cal. Pen.Code § 290(a)(2)(D). Beene does not argue that assault with intent to rape was defined differently in California than in Arkansas in 1972. It appears that the basic elements of the crime were the same in California and Arkansas in 1972—assault and intent to rape—although it may have been more difficult to prove the requisite intent in Arkansas, because Arkansas courts required evidence of an "overt act" as indication of the defendant's intent to rape. *Compare People v. Pendleton*, 25 Cal.3d 371, 158 Cal.Rptr. 343, 599 P.2d 649, 652 (1979) (citing *People v. Dobson*, 12 Cal. App.3d 1177, 91 Cal.Rptr. 443 (1970) and discussing evidence sufficient to establish intent to rape) *with Frederick v. State*, 258 Ark. 553, 528 S.W.2d 362, 364 (1975) (discussing evidence sufficient to establish intent to rape and requiring an "overt act" to establish intent). Because Arkansas law set forth the same elements (and possibly more) for assault with intent to rape as were required in California at the time, Beene's Arkansas offense "involved *conduct* that satisfies all the elements of the offense ... under California law, whether or not [Beene], when he committed the offense, was old enough to be tried as an adult in California." *Trevino*, 109 Cal. Rptr.2d 567, 27 P.3d at 287.

Although it is not determinative under *Trevino*, it is also possible that Beene would have been tried and convicted as an adult had he been in California. Beene was sixteen at the time of the Arkansas assault conviction, and sixteen-year-olds were eligible to be tried and convicted as adults in California in 1972. *See* Cal. Welf. & Inst.Code § 707 (1970); *People v. Joe T.*, 48 Cal.App.3d 114, 121 Cal.Rptr. 329, 331–33 (1975) (setting forth the standards for certifying a juvenile to be tried as an adult), *disapproved of on other grounds by People v. Chi Ko Wong*, 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976, 987 n. 14 (1976) (en banc). In addition, the State has provided some evidence that Beene was convicted as an adult in Arkansas. Under the standard set forth in *Andrews*, we conclude that it is "possible" that Beene would have been convicted as an adult for his 1972 offense. *See Andrews*, 260 Cal.Rptr. 583, 776 P.2d at 298–99. We hold that under *Trevino* and *Andrews*, Beene was properly required to register under the adult provisions of § 290. As a result, we do not reach Beene's equal protection argument.

### III.

Beene also argues that requiring him to register under the adult provisions of the statute would either (1) violate due process because it would change his 1972 conviction from a "juvenile conviction" to an adult conviction without affording him adequate procedural safeguards or (2) ratify a past violation of due process. The first argument assumes that Beene was treated as a youth in a juvenile court when he was convicted of assault with intent to rape in 1972. As we noted above, the record suggests that he was convicted as an adult in an Arkansas circuit court. Second, Beene has not alleged and the record does not show that the circuit court that presided over his 1972 conviction or sentencing failed to adhere to its usual procedures or that circuit courts in Arkansas have constitutionally deficient procedures generally.

Thus, the defendants did not violate due process by requiring Beene to register as a sex offender in California.

AFFIRMED.