Ferrill J. VOLPICELLI,
Plaintiff–Appellant,

v.

James BACA; et al., Defendants–Appellees.

No. 05–15635.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Ferrill J. Volpicelli, Lovelock, NV, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel Wong, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Nevada state prisoner Ferrill J. Volpicelli appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging defendants acted with deliberate indifference to his health and safety. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune,* 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Volpicelli's claim that defendants acted with deliberate indifference to his asthmatic condition by housing him with a smoker. Volpicelli's own deposition testimony and his grievances do not indicate that Volpicelli himself considered the level of environmental tobacco smoke to be unreasonable. *See McKinney v. Anderson,* 959 F.2d 853, 854 (9th Cir.1992).

The district court also properly granted summary judgment on Volpicelli's claim that defendants acted with deliberate indifference to a serious threat to his safety by not moving him to another cell after he informed them of his cellmate's threats because Volpicelli did not present evidence that he informed defendants of the seriousness of the threats or the increasing

tensions between himself and his cellmate. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187–88 (9th Cir.2002).

The district court properly granted summary judgment to defendants Baca, Budge, and Hallinan because Volpicelli failed to raise a triable issue of fact regarding their involvement in the alleged violations. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001) (section 1983 supervisory liability arises only upon a showing of personal participation by defendant).

The district court did not abuse its discretion in denying Volpicelli's request to amend his complaint, and made more than a year after the deadline for motions to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir.2002) (denial of leave to amend after a responsive pleading has been filed is reviewed for abuse of discretion).

Because the district court properly granted summary judgment to defendants, it did not abuse its discretion in denying as moot Volpicelli's motion for a temporary restraining order/preliminary injunction.

Volpicelli's remaining contentions lack merit.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.