**Douglas Brian BENNETT, Plaintiff–Appellant,**

**and**

**Rudy Lucero; et al., Plaintiffs,**

**v.**

**MISNER, Kitchen Coordinator at Two Rivers Correctional Institution; et al., Defendants–Appellees.**

**No. 04–35977.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Douglas Brian Bennett, Umatilla, OR, pro se.

Erin C. Lagesen, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Douglas B. Bennett appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene*

*v. Terhune*, 380 F.3d 1149, 1150 (9th Cir. 2004), and we may affirm on any ground supported by the record, *First Pac. Bank v. Gilleran*, 40 F.3d 1023, 1024–25 (9th Cir.1994). We affirm.

Notwithstanding Bennett's failure to support his contentions on appeal with argument or authority, we consider the district court's summary judgment. The district court properly granted summary judgment on the kitchen safety and sanitation claim because Bennett failed to present evidence that defendants knew of and disregarded a substantial risk to Bennett's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court also properly granted summary judgment on Bennett's claim that the Two Rivers Correctional Institution Health Services provided inadequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (negligence does not rise to the level of a constitutional violation); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (difference of opinion between prisoner-plaintiff and physician does not amount to deliberate indifference).

The district court also properly granted summary judgment on Bennett's claim of unpalatable food because he failed to present evidence that defendants acted with deliberate indifference. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993). Furthermore, Bennett failed to allege that being served food past its sell or use by date was inadequate to maintain health, or that he or any other inmate suffered an injury as a result. *Id.*

Bennett's remaining contentions lack merit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

All pending motions are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.