**Jose PEDROZA, Plaintiff—Appellant,**

v.

**Harlan WATKINS, Correctional Counselor; et al., Defendants— Appellees.**

No. 05–16207.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Jose Pedroza, Susanville, CA, pro se.

Trace O. Maiorino, Esq., Attorney General of the State of California, San Francisco, CA.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

California state prisoner Jose Pedroza appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment and the Americans with Disabilities Act ("ADA") when defendants first limited his authorization for a medical cane and then revoked the authorization. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Pedroza's deliberate indifference claim because he did not present evidence that a cane was medically necessary. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (negligence does not rise to the level of a constitutional violation); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (difference of opinion between prisoner-plaintiff and physician does not amount to deliberate indifference). It is undisputed that Pedroza did not attend follow-up medical appointments that would have determined whether or not a cane was medically necessary.

The district court properly granted summary judgment on Pedroza's ADA claim because he failed to raise a genuine issue of material fact as to whether he is a qualified individual under the ADA. *See* 42 U.S.C. § 12131; *Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir.1996).

The district court did not abuse its discretion in denying Pedroza's request for appointment of counsel because he failed to demonstrate exceptional circumstances.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

We reject Pedroza's contention that the district court was unfair in granting only a two-week extension of time to oppose defendants' motion for summary judgment.

**AFFIRMED.**