**Steven A. MILLER, Plaintiff–Appellant,**

v.

**J. FIGUEROA; et al., Defendants–Appellees.**

No. 05–15555.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Nov. 6, 2006.*

Filed Nov. 13, 2006.

Steven A. Miller, HDSP–High Desert State Prison, Indian Springs, NV, pro se.

Brian Sandoval, Esq., AGNV–Office of the Nevada Attorney General, Carson City, NV, Susan M. Carrasco, Jill C. Davis, Esq., AGNV–Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Steven A. Miller appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging defendants filed false disciplinary charges against him and transferred him to another facility in retaliation for filing grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to defendants on Miller's retaliatory transfer claim because he did not demonstrate that defendants were responsible for having him transferred. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (internal citations omitted) (retaliation claim requires an adverse action taken by state actor).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

The district court also properly granted summary judgment on Miller's claim that the defendants filed false disciplinary charges against him because Miller failed to raise a genuine issue of material fact as to whether defendants' actions did not advance legitimate penological goals. *See id.; Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) (explaining that prisoner must present triable issues of fact to overcome summary judgment motion).

**AFFIRMED.**