**Anthony WILLIAMS, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 05–55691.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 13, 2006.

Anthony Williams, Carson City, NV, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Stein, Esq., Lillie Hsu, Esq., Greines, Martin, Stein & Richland, LLP, Los Angeles, CA, Michael Thomas, Esq., Janet L. Keuper, Esq., Thomas, Donahue, Thomas & Hurevitz LLP, Glendale, CA, for Defendants–Appellees.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner Anthony Williams appeals pro se from the district court's summary judgment in favor of Los Angeles County and its officials in his 42 U.S.C. § 1983 action alleging defendants acted with deliberate indifference on two occasions by assigning him to a top bunk despite medical authorization for a lower bunk due to a seizure disorder. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Williams's claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), because Williams provided no evidence that the County had a pattern or practice of assigning inmates with medical authorization for a bottom bunk to a top bunk. Standing alone, the two occasions where Williams was assigned to a top bunk are not enough to rise to the level of a constitutional violation. *See Navarro v. Block*, 72 F.3d 712, 714–15 (9th Cir.1996) (allega-

---

tions of random acts, or single instances of misconduct are insufficient to establish a municipality's custom or policy); *see also Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir.1989) (to prevail on a failure to train theory, a plaintiff must show: (1) the existence of an inadequate training program; (2) deliberate indifference on the part of the municipality in adequately training its officers; and (3) that the inadequate training actually caused a deprivation of constitutional rights).

The district court properly granted summary judgment to defendant Baca because Williams failed to raise a triable issue of fact regarding his involvement in the alleged violations. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001) (section 1983 supervisory liability arises only upon a showing of personal participation by defendant).

The district court dismissed the claims against the Doe defendants for failure to serve. Williams does not challenge that ruling on appeal.

We reject Williams's contention that the district court erred in not granting his sixth request for an extension of time to file objections to the Report and Recommendation. Notwithstanding Williams's allegation that he did not receive some of the court's orders, the district court granted him more than two months to file objections.

Appellee's motion to strike, filed on November 3, 2005, is denied.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.