**Miguel GADDA, Plaintiff–Appellant,**

v.

**Alberto GONZALES, United States Attorney General; Board of Immigration Appeals; and Department of Homeland Security, Defendants–Appellees.**

No. 04–16886.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2006 \*.

Filed Dec. 7, 2006.

Miguel Gadda, Esq., San Francisco, CA, pro se.

USSF–Office of the U.S. Attorney, San Francisco, CA, Edward A. Olsen, Esq., for Defendants–Appellees.

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and SELNA,\*\* District Judge.

---

\*\*\* In light of our decision, Carey's "Motion to Either Proceed or Withdraw" her appeal is denied as moot.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* Honorable James V. Selna, United States District Judge for the Central District of Califor-

MEMORANDUM ***

Plaintiff/Appellant Miguel Gadda appeals the district court's grant of Defendants/Appellees' motion for summary judgment and denial of his cross-motion for summary judgment. This Court reviews a district court's summary judgment order *de novo. Beene v. Terhune,* 380 F.3d 1149, 1150 (9th Cir.2004).

First, Gadda asserts that the district court erred by applying this Court's opinion in *Gadda v. Ashcroft,* 377 F.3d 934 (9th Cir.2004). This argument amounts to a request for reconsideration of that opinion. Three-judge panels, however, cannot reconsider or overrule a decision of a prior panel. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992).

Second, Gadda contends that a requirement in the Northern District of California Local Rules that an attorney must be admitted in the California State Bar to practice before the Northern District, as well as a Department of Justice regulation conditioning the right to practice before the immigration courts on being a member in a state bar, should not be applied to him because he was admitted before the enactment of those requirements. However, the Northern District of California local rules are irrelevant to the consideration of whether Gadda should be permitted to practice before the immigration courts, and the Department of Justice regulation was in effect when Gadda began practicing law. *See* 8 C.F.R. § 1.1(f) (1975).[1]

Finally, Gadda avers that the district court erred by denying his request for discovery. Gadda, however, raised this argument in his motion for reconsideration and not in his summary judgment moving papers. Because Gadda did not appeal the district court's denial of his motion for reconsideration, the issue is not properly before this Court. Moreover, the Court finds that Gadda failed to identify any legitimate issues for which he needed discovery.

Accordingly, the district court's order is affirmed. Gadda's numerous motions to augment the record are denied.

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. This regulation has been renumbered and now appears at 8 C.F.R. § 1001.1(f). Contrary to Gadda's assertions, the regulation is not ambiguous or overbroad. The regulation provides a straightforward and comprehensible definition of "attorney." *See Matter of Sparrow,* 20 I. & N. Dec. 920, 930 (BIA 1994) ("We disagree with the respondent's contention on appeal that an ambiguity exists within the definition of attorney provided in 8 C.F.R. § 1.1(f)").