Kevin ALLEN, Plaintiff–Appellant,

v.

BOSLEY, Correction Sgt.; Wolf, Correctional Officer; Waycott, Correctional Officer; S. Kerger; H. Smith; L. Polk; M. Smelosky, Defendants–Appellees.

No. 06–16541.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 2007.*

Filed Nov. 02, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin Allen, Cresent City, CA, pro se.

Jay Russell, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Kevin Allen (Allen) is a California state prisoner at Pelican Bay State Prison. Allen appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action claiming prison officials violated his constitutional rights by using excessive force and acting with deliberate indifference to his serious medical needs when they used pepper spray while extracting another inmate from a nearby cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Beene v. Terhune,* 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

### A. *Excessive Force*

█ The district court did not err in determining that Allen did not raise a triable issue on his Eighth Amendment excessive force claim. Excessive force directed at one prisoner that causes harm to another prisoner may establish a cause of action. *See Clement v. Gomez,* 298 F.3d 898, 903 n. 3 (9th Cir.2002). Force, however, does not amount to a constitutional violation if it is "applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the

very purpose of causing harm.'" *Id.,* quoting *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

Allen failed to raise a triable issue that the defendants possessed malicious and sadistic intent when they administered pepper spray in an effort to restore discipline after another inmate, Jacob Silverman, refused to comply with orders to submit to standard handcuffing procedure and attempted to block a cell extraction team from entering his cell. *See Clement,* 298 F.3d at 903–04; *see also Jeffers v. Gomez,* 267 F.3d 895, 907 (9th Cir.2001) (per curiam) (to survive summary judgment, plaintiff must put forward specific, nonconclusory factual allegations that establish defendants acted with improper motives). We reject Allen's contention that additional discovery would preclude summary judgment. *See Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 523–24 (9th Cir.1989).

### B. *Deliberate Indifference*

█ The district court did not err in determining that Allen did not raise a triable issue on his Eighth Amendment claim of deliberate indifference to his serious medical needs. The defendants followed the written policies on use of force and the minimization of other inmates' exposure to pepper spray fumes. Defendants turned off the unit ventilation system before extracting Silverman from his cell, anticipating that additional pepper spray would be used, and afterwards, they turned the ventilation system on a high setting and used an area fan in order to clear the air of lingering pepper spray vapors. Allen does not dispute that defendants took these

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

steps. These steps suggest a reasonable course of action rather than deliberate indifference.

Moreover, Allen presented no evidence indicating that defendants knew of a possible serious medical need or injury to Allen. Allen states that the spray caused him to cough, choke, and gag, and caused burning in his eyes, and that defendants ignored his pleas for decontamination. Even assuming these statements are true, this does not establish that defendants acted with deliberate indifference to his serious medical needs. Allen has presented no evidence that defendants' actions caused any actual injury, other than the transitory effects of the pepper spray, or that any delay in responding to his requests caused further injury. *See McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

Because Allen failed to raise a triable issue on the violation of his constitutional rights, "there is no necessity for further inquiries concerning qualified immunity." *Jeffers,* 267 F.3d at 909 (quotations omitted).

**AFFIRMED.**

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.