**Randall Ray HOUSEMAN, Plaintiff–Appellant,**

v.

**PADILLA; et al., Defendants– Appellees.**

No. 06–16290.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.[*]

Filed Sept. 8, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Randall Ray Houseman, Ione, CA, pro se.

Julianne Mossler, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

California state prisoner Randall Ray Houseman appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging he was denied outdoor exercise in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Houseman's Eighth Amendment claim because he failed to raise a genuine issue of material fact as to whether the limitations on outdoor exercise were the product of deliberate indifference. *See LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir.1993) (holding that prison officials' response to isolate and control an inmate's outdoor exercise access because of continuing aggression and disciplinary problems that raised serious and legitimate security concerns did not qualify as deliberate indifference).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

