MEMORANDUM ***
Arizona state prisoner Barry Northcross Patterson appeals pro se from the district court’s judgment in his 42 U.S.C. § 1983 action alleging constitutional violations related to his kosher meal plan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal based on exhaustion, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), as well as summary judgment, Beene v. Terhune, 380 F.3d 1149, 1150 (9th Cir.2004). We affirm in part, vacate in part, and remand.
The district court correctly determined that Patterson failed to exhaust prison grievance procedures with respect to his claims against defendants Wilber, Curran, and Soulvie. See Woodford v. Ngo, 548 U.S. 81, 90-91,126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules).
The district court properly granted summary judgment with respect to Patterson’s claims of retaliation because he failed to raise a genuine issue of material fact as to whether defendants retaliated against him for exercising his constitutional rights. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir.2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment).
We vacate the grant of summary judgment on Patterson’s free exercise claim because the district court did not have the benefit of our recent decision in Shakur v. Sehriro, 514 F.3d 878, 885-88 (9th Cir. 2008). We remand so that the district court can develop the factual record in light of the Turner factors as to the impact *729 of the accommodation and the availability of ready alternatives. See Turner v. Safley, 482 U.S. 78, 89-91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (explaining factors to guide the determination of whether a prison regulation is reasonably related to a legitimate penological interest); see also Shakur, 514 F.3d at 885-88. On remand, the district court should also consider whether the refusal to provide Patterson with kosher meals violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000ec et seq.
Patterson’s remaining contentions are unpersuasive.
Appellee’s motion to withdraw its Emergency Motion to Stay Appellate Proceedings is granted.
Each party shall bear its own costs on appeal.
AFFIRMED in part; VACATED in part; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.