**Barry Northcross PATTERSON,
Plaintiff–Appellant,**

v.

**Charles L. RYAN; * et al.,
Defendants–Appellees.**

**No. 08–15195.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.**

Filed Oct. 8, 2009.

_____

Barry Northcross Patterson, Florence, AZ, pro se.

Paul Edward Carter, Assistant Attorney General, Paul Edward Carter, Assistant Attorney General, Office of the Arizona Attorney General, Tucson, AZ, Peter M. Coppinger, Esquire, Gregory D. Cote, Esquire, McCarter & English LLP, Boston, MA, Sharon S. Moyer, Esquire, Sacks Tierney P.A., Scottsdale, AZ, for Defendants–Appellees.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Arizona state prisoner Barry Northcross Patterson appeals pro se from the district court's summary judgment in his 42 U.S.C.

---

\* Charles L. Ryan is substituted for his predecessor, Dora B. Schriro, as Director of the Arizona Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. _See_ Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1983 action alleging constitutional violations related to his kosher meal plan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir.2004), and we affirm.

 The district court properly granted summary judgment with respect to Patterson's Free Exercise claim because he failed to raise a triable issue as to whether defendants' policy of providing Patterson with a consistent kosher meal plan was reasonably related to a legitimate penological interest. *See Shakur v. Schriro*, 514 F.3d 878, 886 (9th Cir.2008) (recognizing simplified food service as a legitimate penological interest); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.2001) (explaining that conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment).

The district court properly granted summary judgment with respect to Patterson's retaliation claim because he failed to raise a triable issue as to whether defendants' conduct was based on retaliatory motive, rather than legitimate penological goals. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003).

Patterson's remaining contentions are unpersuasive.

**AFFIRMED.**