**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SKYE TAYLOR,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>VOLKSWAGEN OF AMERICA, INC.; et al.,<br><br>        Defendants - Appellees. | No. 09-35343<br><br>D.C. No. 2:07-cv-01849-RSL<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Skye Taylor appeals pro se from the district court's summary judgment in

his antitrust action alleging defendants violated the Sherman Anti-Trust Act, 15

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

EN/Research

U.S.C. § 1. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment to defendants because Taylor failed to raise a triable issue as to whether defendants' geographic sales-limit policy imposes "an unreasonable restraint on competition." *Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 723, 735-36 (1988) ("[A] vertical restraint is not illegal *per se* unless it includes some agreement on price or price levels."); *JBL Enters., Inc. v. Jhirmack Enters., Inc.*, 698 F.2d 1011, 1017 (9th Cir. 1983) (explaining that market shares of a few percentage points "are too small for any restraint on intrabrand competition to have a substantially adverse effect on interbrand competition").

Taylor's remaining contentions are unpersuasive.

**AFFIRMED**.