**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN C. DEAN, | No. 07-16399 |
| Plaintiff - Appellant, | D.C. No. CV-04-01909-SRB-MHB |
| v. | |
| JOE ARPAIO, sued in his individual and official capacity; et al., | MEMORANDUM* |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 25, 2010**

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Stephen C. Dean, a former pretrial detainee at the Maricopa County Jail,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging overcrowding and unsanitary conditions at the jail in violation of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on the overcrowding claim because Dean failed to raise a genuine issue of material fact as to whether there were additional factors such as violence or inadequate staffing to give rise to an Eighth Amendment violation. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) ("Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an eighth amendment violation."); *Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1241-42 (9th Cir. 2010) (because pretrial detainees' Fourteenth Amendment rights are comparable to prisoners' Eighth Amendment rights, the same standards apply).

The district court properly granted summary judgment on the unsanitary conditions claim because Dean failed to raise a genuine issue of material fact as to whether defendants knew of and disregarded an objectively intolerable risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994) ("[T]o survive summary judgment, [plaintiff] must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the

time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm.").

We do not consider issues that were not raised in Dean's opening brief. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) (arguments not raised by a party in the opening brief are deemed abandoned).

Dean's remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED**.