FILED

AUG 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN KEITH DENT, | No. 11-16125 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-0736 MCE JFM |
| v. | |
| D. SILBAUGH; H. MURTHY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Brian Keith Dent, a prisoner at the California Medical Facility, appeals pro

se from the district court's summary judgment and order denying Dent's motion to

alter or amend judgment in his 42 U.S.C. § 1983 action alleging that defendant

Murthy filed a rules violation report against him in retaliation for Dent's efforts to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

avoid a transfer to a different level of psychiatric care and for a grievance Dent helped file against Murthy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir. 2004), and review for an abuse of discretion the denial of a motion to alter or amend a judgment, *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because the undisputed facts establish that the rules violation report filed by Murthy was related to a legitimate correctional goal and not retaliatory. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff [in a prisoner retaliation case] bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court did not abuse its discretion when it denied Dent's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) because Dent offered no new evidence, cited no manifest injustice or clear error, and identified no change in law warranting such relief. *See Duarte*, 526 F.3d at 567 (listing grounds for granting such a motion).

Based on the facts in the record, we reject Dent's contention that the hearing officer in his disciplinary proceedings lacked sufficient evidence to find him guilty of threatening staff.

**AFFIRMED.**

11-16125