**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LEGRAND KUNZ,<br><br>                Plaintiff - Appellant,<br><br>   v.<br><br>SMITH'S FOOD & DRUG CENTERS<br>INCORPORATED, DBA Fry's Food<br>Stores Incorporated,<br><br>                Defendant - Appellee. | No. 11-15986<br><br>D.C. No. 2:09-cv-01645-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 29, 2012[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

David Kunz appeals pro se from the district court's order granting summary

judgment in his employment action that alleged, among other things,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discrimination, hostile work environment, and retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). He also appeals from the district court's orders denying his motion to produce requested information, motions to add witness, and motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291, we affirm.

We review de novo a grant of summary judgment. *Beene v. Terhune*, 380 F.3d 1149, 1150 (9th Cir. 2004). We review for abuse of discretion the district court's denial of plaintiff's motions to produce requested information and to add witness, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992), and the district court's denial of plaintiff's motion for appointment of counsel. *Johnson v. U.S. Treasury Dept.*, 27 F.3d 415, 417 (9th Cir. 1994). We affirm.

The district court properly granted summary judgment on Kunz's age discrimination claim. Because Kunz failed to timely file a charge of discrimination, only his constructive discharge claim is timely. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). That claim fails because Kunz failed to raise a genuine dispute of material fact as to whether he was replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age

2

discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

The district court properly granted summary judgment on Kunz's hostile work environment claim because Kunz failed to raise a genuine dispute of material fact as to whether the alleged conduct was severe or pervasive enough to alter the conditions of Kunz's employment.  *See Manatt v. Bank of Am.*, 339 F.3d 792, 799 (9th Cir. 2003) (affirming summary judgment for employer on Title VII claim of hostile work environment); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("In order to prevail on her hostile work environment claim, [a plaintiff] must show that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her employment") (brackets, ellipses, and quotation marks omitted).

The district court properly granted summary judgment on Kunz's effort to state a claim under his collective bargaining agreement because Kunz provided only conclusory allegations and failed to raise a genuine dispute of material fact as to whether he had exhausted his remedies.  *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007) (prior to bringing an action, an employee seeking to vindicate personal rights under a collective bargaining agreement must show exhaustion of grievance procedures)*; Angel v. Seattle-First Nat'l Bank*, 653

3

F.2d 1293, 1299 (9th Cir. 1981) ("mere conclusory allegations unsupported by factual data" cannot defeat motion for summary judgment).

The district court properly granted summary judgment on Kunz's claim brought pursuant to the Arizona Employment Protection Act ("AEPA") because the claim is time-barred and not actionable under the AEPA. A.R.S. § 12-541(4); *Lombardi v. Copper Canyon Acad., LLC*, 2010 WL 3775408, *6 (D. Ariz. Sept. 21, 2010) ("allegations involving [Family and Medical Leave Act] violations are not within the parameters of the AEPA") (citing *Galati v. Am. W. Airlines, Inc.*, 69 P.3d 1011, 1014 (Ariz. Ct. App. 2003)).

Appellee contends that we may not address Kunz's challenges to the district court's denial of certain motions because he did not file a timely notice of appeal for those motions. However, because Kunz filed a timely notice of appeal from the order granting summary judgment, he has filed a timely notice of appeal for the Orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 468 (9th Cir. 1989).

The district court did not abuse its discretion in denying Kunz's Motions to Add Witness and Motion for Defendant to Produce Requested Information because the motions were filed after the close of discovery and no good cause was given for their untimeliness. *See Johnson*, 975 F.2d at 607.

4

The district court did not abuse its discretion in denying Kunz's Motion for Appointment of Counsel because the trial court correctly concluded that Kunz did not show a likelihood of success on the merits and that the issues at trial were not complex enough to show the exceptional circumstances necessary in order to appoint counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

We reject the remainder of Kunz's arguments for the reasons stated by the district court. Kunz's motion to remand is denied.

**AFFIRMED**.