[Crim. No. 6135. Fourth Dist., Div. Two. June 28, 1974.]

In re ALFONZO BOWERS on Habeas Corpus.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler and Edward A. Hinz, Jr., Chief Assistant Attorneys General, Daniel J. Kremer and William E. James, Assistant Attorneys General, Conrad D. Petermann and Jeffrey A. Joseph, Deputy Attorneys General, for Appellant.

Rufus W. Johnson, under appointment by the Court of Appeal, for Respondent.

## OPINION

**KAUFMAN, J.**—The San Bernardino Superior Court granted petitioner a writ of habeas corpus. The People appeal. (Pen. Code, § 1506.)

On January 2, 1970, petitioner was convicted of robbery and sentenced to state prison. On December 8, 1972, petitioner was released on parole. Eleven days later, on December 19, 1972, petitioner was arrested by the Los Angeles police and charged with the violation of Penal Code section 12021 (possession of a concealed weapon by a convicted felon). On January 9, 1973, the day set for preliminary hearing, the pending charges against petitioner were dismissed. On February 6, 1973, the charges were refiled. On March 30, 1973, the charges were again dismissed, this time on a motion under Penal Code section 995.

Although petitioner was subject to a parole hold and was visited in Los Angeles County jail by a parole agent, no prerevocation hearing was

granted petitioner. On April 10, 1973, petitioner was returned to the California Institution for Men at Chino for a parole revocation hearing. On April 25, 1973, petitioner applied to the San Bernardino Superior Court for a writ of habeas corpus asserting that he had not been afforded the prerevocation hearing mandated by *Morrissey* v. *Brewer*, 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]. On May 17, 1973, a parole revocation hearing was had at Chino at which the Adult Authority found that petitioner "violated Condition 3 of the Conditions of Parole by having a weapon in his possession." Accordingly, petitioner's parole was revoked.

The trial court, finding that petitioner had not been afforded a prerevocation hearing, granted the petition for habeas corpus. The order of the trial court reads as follows:

"IT IS ORDERED THAT:

"(1) The Adult Authority strike from petitioner's records the charged violation of Condition 3 of his parole, and its finding of guilty thereon;

"(2) The Adult Authority is barred from reinstituting the charged violation of Condition 3;

"(3) In its future consideration of petitioner's status and eligibility for parole, and its fixing of his term, the Adult Authority shall exclude all reference to the incident encompassed by the Charge of violation of Condition 3;

"(4) That the Adult Authority strike from petitioner's records its finding that petitioner violated Condition 3 of his parole;

"(5) That petitioner shall be released from prison and restored to parole upon the same conditions of parole which existed prior to December 1972."

 There is no question but what petitioner is entitled to some relief. He was plainly not accorded the prerevocation, in-community hearing mandated by *Morrissey* v. *Brewer, supra,* 408 U.S. 471, *In re Prewitt,* 8 Cal.3d 470 [105 Cal.Rptr. 318, 503 P.2d 1326], and *In re Love,* 11 Cal.3d 179 [113 Cal.Rptr. 89, 520 P.2d 713]. Prior to the date of his parole revocation hearing, petitioner timely applied for relief by a petition for writ of habeas corpus.[1] The only question presented on this appeal

---

[1]We are not called upon in this case to determine whether a parolee would be entitled to relief on account of a failure to afford him a prerevocation hearing where he has been afforded a final revocation hearing resulting in revocation and has failed, prior to the final revocation hearing, to demand a prerevocation, in-community hearing.

is whether the trial court went too far in ordering the Adult Authority to release petitioner from prison and restore him to parole and in barring the Adult Authority from further consideration of the alleged incident forming the basis for revocation of petitioner's parole. The People contend that it did. We agree.

■ The power to grant and revoke parole is vested in the Department of Corrections, not the courts. (Pen. Code, §§ 3040, 3056, 5054, 5077; *In re Schoengarth,* 66 Cal.2d 295, 300, 304 [57 Cal.Rptr. 600, 425 P.2d 200].) The proper function of the courts in respect to parole and revocation of parole is simply to ensure that the prisoner is accorded due process. (See *Morrissey* v. *Brewer, supra,* 408 U.S. at p. 480 et seq. [33 L.Ed.2d at p. 494 et seq., 92 S.Ct. at p. 2600 et seq.]; *In re Prewitt, supra,* 8 Cal.3d at pp. 473-475.) ■ Thus, where the Department of Corrections has failed to accord a prisoner due process of law in revoking his parole, the relief to which the prisoner is entitled on habeas corpus is not an order forever barring the Department of Corrections from proceeding further, but, rather, an order directing the Department of Corrections to vacate its order of revocation and thereafter to proceed in accordance with due process of law. (See *In re Love, supra,* 11 Cal.3d at p. 185 [fn. 4 and accompanying text]; *In re Castaneda,* 34 Cal.App.3d 825, 832-833 [110 Cal.Rptr. 385].)

The order of the trial court is modified to read as follows: "The Department of Corrections is directed to vacate its order revoking petitioner's parole and to conduct further hearings in petitioner's case in conformity with the guidelines explicated in *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]; *In re Prewitt,* 8 Cal.3d 470 [105 Cal.Rptr. 318, 503 P.2d 1326], and *In re Love,* 11 Cal.3d 179 [113 Cal.Rptr. 89, 520 P.2d 713]." The prerevocation hearing shall commence within 30 days after this decision becomes final. As modified the judgment is affirmed.

Gardner, P. J., and Gabbert, J., concurred.