[No. B052861. Second Dist., Div. Six. Sept. 5, 1991.]

In re PETER COLL ROA on Habeas Corpus.

COUNSEL

Daniel E. Lungren, Attorney General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Carol A. Greenwald and Jane Catherine Malich, Deputy Attorneys General for Appellant.

Kenneth I. Clayman, Public Defender, and Neil B. Quinn, Deputy Public Defender, for Respondent.

OPINION

**GILBERT, J.**—The People appeal from the order granting respondent Peter Coll Roa's petition for writ of habeas corpus after the trial court found that extension of respondent's parole was unlawful.

The People contend, among other things, that the superior court misconstrued Penal Code section 3001, subdivision (a). Roa was not automatically discharged from parole because of the failure to provide written notice within the same 30-day period in which the Board of Prison Terms must act to retain him on parole. We agree and reverse.

On February 20, 1989, Roa was paroled from prison after serving a term for attempted child molestation (Pen. Code, §§ 664/288, subd. (a)). His controlling discharge date was February 20, 1992.

On March 5, 1990, Roa's parole officer left written instructions at Roa's home address for him to report the following day. Roa failed to do so. On March 9, his parole officer wrote in her discharge review that Roa had not

attended the required parole outpatient clinic on two occasions, that a physician who said Roa's participation was minimal did not recommend discharge, that Roa had displayed "a passive-avoidant stance" toward required treatment, and that discharge appeared to be inappropriate because of the seriousness of the commitment offense.

She recommended that Roa be retained on parole for an additional year. On March 14, 1990, the Board of Prison Terms issued a written decision which extended Roa's parole for one year. On March 19, the parole officer again left written instructions at Roa's home address directing him to report the following day, but Roa again failed to appear.

At approximately 1:40 a.m. on March 21, 1990, Roa was arrested for driving under the influence of alcohol, a violation of his parole condition that he abstain from alcohol. He was released on his own recognizance. Later that day, Roa reported this arrest to the parole office and was arrested for the parole violation and a parole hold was placed on him. It is unclear whether Roa was formally notified of his parole extension at this time.

The decision of the Board of Prison Terms retaining Roa on parole is date-stamped as having been received by the local parole office on March 23, 1990. On March 26, 1990, Roa's parole officer interviewed him at the jail and filed a report in which she said that, in addition to the violations included in the discharge review, Roa had changed his residence without informing her. She noted that she had obtained an arrest report which verified that Roa had used an alcoholic beverage. She recommended that the parole hold should be retained on Roa because he was a danger to himself and to the property and safety of others, and that parole be revoked. On May 4, 1990, Roa was returned to custody for 12 months after a parole revocation hearing.

Roa filed a petition for writ of habeas corpus arguing that his period of parole had terminated prior to its revocation because he had not been notified that he was being retained on parole within the time specified in Penal Code section 3001, subdivision (a)). That provision reads in relevant part: "[W]hen any person . . . who was not imprisoned for committing a violent felony, . . . has been on parole continuously for one year since release from confinement, within 30 days, that person shall be discharged from parole, unless the Department of Corrections recommends to the Board of Prison Terms that the person be retained on parole and the Board of Prison Terms acts by determining, for good cause, that the person will be retained on parole. . . . The board shall make a written record of its determination and transmit a copy thereof to the parolee."

At the hearing on respondent's petition, the trial court determined that the 30-day period within which the Board of Prison Terms had to act expired at midnight on March 22, 1990. The court stated: "[O]n March 21st there was a face-to-face confrontation between the parole officer and the parolee, which if notice had been given at that time would be notice given in the time permitted by law, and it was not given. [¶] On that basis then Nesper says that his parole cannot be extended . . . and I think I'm controlled by Nesper . . . . [¶] Therefore, I order that insofar as the detention of the defendant on a parole hold is effected, it is deemed unlawful and the writ is granted. The defendant is deemed not to have been on parole by virtue of a failure to receive notice as required by In Re Nesper and Section 3001(a) . . . ."

■ The People's contention that the trial court erred in finding the extension of Roa's parole to be unlawful is well taken. In *In re Nesper* (1990) 217 Cal.App.3d 872 [266 Cal.Rptr. 113], parole was revoked more than nine months after the time within which the Board of Prison Terms was to act and give notice. The parolee had never been notified that he was being retained on parole.

In annulling the order revoking parole, the *Nesper* court stated: "Petitioner here was not accorded the most basic procedural protection, i.e., notice of the decision of the board. Without that notice, he could not participate in any way in the decision process including the exercise of his right to appeal." (217 Cal.App.3d 872 at p. 877) ". . . [¶] Petitioner not having received the due process rights to which he was entitled, the act of the [Board of Prison Terms] in retaining him on parole was ineffective. Therefore, the [Board of Prison Terms] did not have jurisdiction to revoke parole . . . ." (*Id.* at p. 878.)

Unlike the facts in *Nesper*, here the Board's actions were timely. It extended parole on March 14, 1990, and a parole hold was placed on him on March 21, 1990. Both these events occurred prior to the time he would have been discharged pursuant to statute.

Roa contends that the Board has lost jurisdiction because it did not give him written notice of its decision within the 13-month period that he was continuously on parole.

The case of *In re Ruzicka* (1991) 230 Cal.App.3d 595 [281 Cal.Rptr. 435], is helpful in resolving this issue. The *Ruzicka* court pointed out that Penal Code section 3001, subdivision (a) imposes two obligations on the Board of Prison Terms. Within a specified time frame, it must either discharge or retain a parolee on parole. Then it must give the parolee written notice of its determination. (230 Cal.App.3d at p. 599.)

The *Ruzicka* court held that a failure to comply with the requirement of notice does not necessarily result in discharge from parole. The *Ruzicka* court reasoned that the failure to give Ruzicka notice can be remedied by simply directing the Department of Corrections to submit written notice of its determination to extend parole to Ruzicka and then to give him the opportunity to pursue his right of appeal. Ruzicka's due process rights would therefore be preserved because he would have the opportunity to pursue his administrative appeal. (*In re Ruzicka, supra,* 230 Cal.App.3d 595, 602-604.)

Although we cannot be sure on what date, if any, Roa received formal written notice of the Board's actions, his appeal rights were not impaired. His petition for writ of habeas corpus in the superior court indicates that he had begun his administrative appeal. Even if Roa did not receive written notice of his parole extension within the 13-month period, he obviously received notice of the parole hold which was placed on him before the 13 months had elapsed.

Whether Roa should have been notified of his parole extension in writing prior to the expiration of the 13-month period, or a reasonable time thereafter, any failure to notify him in writing of the Board's decision was harmless beyond a reasonable doubt. (See *In re La Croix* (1974) 12 Cal.3d 146, 154 [115 Cal.Rptr. 344, 524 P.2d 816]; *In re Bowers* (1974) 40 Cal.App.3d 359, 362 [114 Cal.Rptr. 665].) Because Roa is aware of his right of administrative appeal, and had every opportunity to pursue that course of action, we need not direct the Board of Prison Terms to give Roa written notice of its decision as the *Ruzicka* court did.

The order granting Roa's petition for writ of habeas corpus is reversed.

Stone (S. J.), P. J., and Yegan, J., concurred.

Petitioner's application for review by the Supreme Court was denied December 12, 1991.