Opinion
 

 WALKER, J.
 

 Michael P. Jack appeals from a final conviction following a plea of guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). He contends that his motion to suppress evidence, brought pursuant to Penal Code section 1538.5,
 
 [1]
 
 should have been granted, and the charges against him dismissed.
 

 Facts
 

 On April 16, 1994, appellant’s parole officer discovered that appellant did not live at the address he had listed as his residence address. As a result, on May 17, 1994, the Department of Corrections (CDC) recommended to the Board of Prison Terms (BPT) that appellant’s parole be suspended retroactively to April 16, 1994. A warrant for appellant’s arrest was issued by the BPT on June 1, 1994. On December 27, 1994, appellant was found and, at the request of his parole officer, was arrested pursuant to the warrant. The parole officer accompanied the arresting sheriff’s deputies, who performed a
 
 *1131
 
 parole search of appellant’s living quarters. The search produced two syringes and two plastic bags containing methamphetamine.
 

 On February 14, 1995, appellant was charged by information with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of a hypodermic needle and syringe (Bus. & Prof. Code, § 4149). The information also alleged that appellant had previously been convicted of a serious or violent felony within the meaning of section 667, subdivisions (d) and (e), and that he had served four prior prison terms within the meaning of section 667.5, subdivision (b). On March 1, 1995, the information was amended to add allegations of two additional serious or violent felony convictions. Appellant pleaded not guilty to all charges and special allegations.
 

 On April 14, 1995, appellant filed a motion to suppress evidence pursuant to section 1538.5. The motion was denied after hearing.
 

 Thereafter, on June 28, 1996, appellant entered a plea of guilty to possession of methamphetamine. The court struck allegations regarding appellant’s prior convictions and prison terms and indicated that it would grant probation, to terminate upon completion of a 12-month term in the county jail. Count 2 was dismissed on the prosecution’s motion. On November 26,1996, the court suspended imposition of sentence and granted appellant one year formal probation, to terminate upon completion of a twelve-month jail term. He was awarded 19 days’ presentence custody credit.
 

 Discussion
 

 Appellant moved to suppress the evidence seized pursuant to the parole search of his living quarters, on the ground that he was not on parole at the time of the search, and there was no legal basis upon which to initiate the search.
 
 [2]
 
 His motion alleged that the search and seizure were unlawful because, when taking into account various credits he should have received for time served, his maximum parole time had already expired prior to his arrest. He also contended that his parole had expired at the time of the search because a 1991 determination by the BPT to retain him on parole was void, as he had been denied due process when he was not given written notice of that determination. On appeal, appellant raises only this second argument. Respondent contends that we cannot consider the argument on direct appeal, as it was raised only in the habeas corpus petition, and not in the motion to suppress. Although the record is not entirely clear on this point, it is the case that the argument made now on appeal was mentioned (albeit parenthetically) in the notice of motion (though not in the points and authorities) and
 
 *1132
 
 was addressed at the hearing via appellant’s testimony and his attorney’s argument to the court. Because the petition for habeas corpus and the motion were heard together, it is not possible to determine whether any segments of the hearing were intended by the parties to address only one matter or the other. As we have the full record before us, and require no additional evidence to decide the matter, we consider it now to avoid further delay.
 

 We briefly review appellant’s parole history as it is relevant to this appeal. On May 8, 1990, following a period of incarceration in state prison, appellant was placed on parole. After he had been on parole for one year the BPT considered whether to retain him on parole, as required by section 3001. His parole officer recommended that appellant be retained on parole because of his intermittent drug and alcohol use. On May 10, 1991, the BPT made a determination to retain appellant on parole. He was not given written notice of the decision. Because of various subsequent parole revocations, suspensions and extensions, the details of which do not concern us here, appellant was still considered by the BPT to be on parole at the time his parole agent asked that his parole be suspended and a warrant be issued for his arrest, which led to the search and seizure at issue now.
 

 Appellant contends that the BPT’s failure, on May 10, 1991, to notify him of its decision to retain him on parole violated his right to due process guaranteed by the United States Constitution, and rendered void his subsequent retention on parole. Because he was no longer on parole, he claims that the evidence seized in conducting a parole search was obtained in violation of his Fourth Amendment guarantees to be free from unreasonable search and seizure.
 

 Effect of the Failure to Give Notice of Retention on Parole
 

 Section 3001 provides in pertinent part that when a person “has been released on parole from the state prison, and has been on parole continuously for one year since release from confinement, within 30 days, that person shall be discharged from parole, unless the Department of Corrections recommends to the Board of Prison Terms that the person be retained on parole and the board, for good cause, determines that the person will be retained .... The board shall make a written record of its determination and
 
 the department shall transmit a copy thereof to the parolee.”
 
 (§3001, subd. (a), italics added.) The evidence at the suppression hearing was uncontradicted that appellant had not been notified of the BPT’s determination to retain him on parole.
 

 Thus, we are called upon to determine the effect of this failure to provide appellant with a copy of the BPT’s written record of its decision to retain
 
 *1133
 
 appellant on parole, as required by section 3001. In considering the same question, our court in
 
 In re Nesper
 
 (1990) 217 Cal.App.3d 872 [266 Cal.Rptr. 113]
 
 (Nesper)
 
 held that a parolee had a constitutionally mandated due process right to the notice provided for in section 3001, without which he or she could not proceed with an appeal of the determination extending parole. (217 Cal.App.3d at p. 877.)
 
 Nesper
 
 went further, however, and held that the result of the BPT’s failure to accord Nesper his due process rights was to void the decision to retain him on parole, thereby invalidating a subsequent parole revocation. Appellant urges us to follow
 
 Nesper
 
 by retroactively voiding the determination to retain him on parole, due to the failure to notify him of the outcome of the BPT proceedings.
 

 Since
 
 Nesper
 
 was decided, two other cases have considered the same question, and disagreed with
 
 Nesper
 
 to the extent that it nullified the parole retention determination.
 
 In re Ruzicka
 
 (1991) 230 Cal.App.3d 595 [281 Cal.Rptr. 435]
 
 (Ruzicka),
 
 and
 
 In re Roa
 
 (1991) 1 Cal.App.4th 724 [3 Cal.Rptr.2d 1]
 
 (Roa),
 
 both held that a failure to provide written notice was a violation of due process, but that the appropriate remedy was to allow the parolee to pursue his right to an administrative appeal.
 
 [3]
 
 In reaching its decision, the court in
 
 Ruzicka
 
 relied in part upon the rationale expressed in
 
 In re Bowers
 
 (1974) 40 Cal.App.3d 359 [114 Cal.Rptr. 665] regarding parole revocation: “ ‘The power to grant and revoke parole is vested in the Department of Corrections, not the courts. [Citations.] The proper function of the courts in respect to parole and revocation of parole is simply to ensure that the prisoner is accorded due process. [Citations.] Thus, where the Department of Corrections has failed to accord a prisoner due process of law in revoking his parole, the relief to which the prisoner is entitled on habeas corpus is not an order forever barring the Department of Corrections from proceeding further, but, rather, an order directing the Department of Corrections to vacate its order of revocation and thereafter to proceed in accordance with due process of law.’ [Citation.] [‘[Q The
 
 Bowers
 
 rationale is applicable here and we adopt it.”
 
 (Ruzicka, supra,
 
 230 Cal.App.3d at p. 604.)
 

 We agree with Ruzicka's reasoning. Appellant had no right to participate in the initial BPT proceeding to determine whether his parole would be extended. Thus, that decision and appellant’s resulting parole status were
 
 *1134
 
 valid and effective unless set aside on administrative appeal of the determination.
 
 [4]
 
 Accordingly, the appropriate remedy now is to place appellant in the position he would have been had he been accorded due process. We therefore remand to allow the trial court to modify its ruling by ordering the CDC to transmit to appellant a copy of the written parole retention record so that he may have the opportunity to pursue his right of appeal.
 
 [5]
 

 Good Faith Exception to the Exclusionary Rule
 

 Respondent contends that even if appellant’s parole had been discharged by the failure to afford him notice of the BPT proceedings, the suppression of evidence seized pursuant to the parole search would not be required because the police conducting the search did so in good faith reliance on information provided by appellant’s parole officer. The good faith exception to the exclusionary rule applies to allow the introduction of evidence
 
 illegally
 
 obtained in violation of a defendant’s Fourth Amendment right of privacy, where the evidence was obtained by an officer holding “ ‘the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment.’ ”
 
 (United States
 
 v.
 
 Leon
 
 (1984) 468 U.S. 897, 909 [104 S.Ct. 3430, 3413, 82 LEd.2d 677].) Because we have decided that appellant was on parole at the time of the search, we have no cause to consider the good faith exception to the exclusionary rule, which applies only to evidence seized during illegally performed searches.
 

 Disposition
 

 We find that appellant was denied due process by the CDC’s failure to provide him with a copy of the written record of the BPT’s determination to retain him on parole. This denial did not operate to invalidate the determination of continued parole, but appellant is entitled to an opportunity to appeal the determination. Accordingly, we remand and direct the trial court to modify its ruling to the CDC by ordering it to transmit to appellant a copy
 
 *1135
 
 of the written parole retention record so that he may have the opportunity to pursue his right of appeal.
 

 Phelan, P. J., and Corrigan, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied April 1, 1998.
 

 [1]
 

 Unless otherwise indicated, all further statutory references will be to the Penal Code.
 

 [2]
 

 He also filed a petition for writ of habeas corpus, which was denied by the trial court.
 

 [3]
 

 In
 
 Ruzicka
 
 the CDC was directed to transmit a copy of the written determination record to Ruzicka so he could pursue his appeal. (Ruzicka,
 
 supra,
 
 230 Cal.App.3d at p. 604.) In
 
 Roa
 
 the court noted that appellant was aware of his right to appeal, so that failure to notify him in writing was harmless error. As such, it declined to direct the BPT to give him written notice of its decision, as had the court in
 
 Ruzicka. (Roa, supra,
 
 1 Cal.App.4th at p. 728.)
 

 [4]
 

 Nesper
 
 seems to suggest that a failure to give written notice of the BPT’s decision not only deprives a parolee of the right to appeal, but also of the right to participate in the initial decision process.
 
 (Nesper, supra,
 
 217 Cal.App.3d at p. 877.) A parolee is not entitled to appear at the BPT retention determination proceeding. (Cal. Code Regs., tit. 15, § 2535, subd. (c).)
 

 [5]
 

 Appellant contends that he will not receive a fair hearing on an appeal so long after the retention decision, because the BPT will be swayed in its decision by his subsequent misconduct. We find no reason to assume that the BPT will not properly perform its duty to afford appellant a fair hearing. We express no views concerning whether appellant waived any right to challenge the 1991 extension of his parole by not challenging it at the time of his later revocations and the extensions of his discharge date.