MEMORANDUM **
Demian Trevor O’Keeffe, a former California state prisoner, appeals pro se from the district court’s summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging various claims, including due process violations in connection with parole decisions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Beene v. Terhune, 380 F.3d 1149, 1150 (9th Cir.2004). We affirm in part, vacate in part, and remand.
The district court properly granted summary judgment on O’Keeffe’s claims that defendants violated his due process rights in connection with the parole revocation hearings because O’Keeffe failed to raise a genuine issue of material fact as to whether any defendant was personally involved in the alleged due process violations. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
The district court also determined that O’Keeffe failed to raise a triable issue as to whether any defendant was personally involved in failing to notify O’Keeffe that he had been retained on parole. We affirm as to defendants Richard Rimmer, Carol Daly, and Robert Stinson. However, as to defendant Karla Erkenbrecher, the evidence, construed in the light most favorable to O’Keeffe, indicates Erkenbrecher was personally involved in the failure to provide notice. Erkenbrecher was O’Keeffe’s parole agent and, according to Erkenbrecher’s declaration, customarily notified parolees about parole retention decisions and the right to appeal. Erken-brecher stated that she believed that she had provided notice to O’Keeffe, but *564 O’Keeffe stated in the verified complaint that she did not. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir.2004) (explaining that, where the plaintiff is pro se, the court must consider as evidence on summary judgment contents of a verified pleading that are based on personal knowledge and set forth facts admissible in evidence); People v. Jack, 60 Cal.App.4th 1129, 70 Cal.Rptr.2d 676, 678 (1997) (explaining that California Penal Code § 3001(a) requires that parolees be provided with parole retention decisions). We therefore vacate in part the grant of summary judgment as to Erkenbrecher and remand for further proceedings.
O’Keeffe’s remaining contentions are unpersuasive.
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.