Filed 6/10/13  Esper v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| LAWRENCE ESPER,<br><br>    Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | G046031<br><br>(Super. Ct. No. M11699)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate and/or prohibition to challenge an order of the Superior Court of Orange County, W. Michael Hayes, Judge. Petition granted.

Frank Ospino, Public Defender, Jean Wilkinson, Chief Deputy Public Defender, Sharon Petrosino and Mark S. Brown, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Elizabeth Molfetta, Deputy District Attorney, for Real Party in Interest.

\*          \*          \*

## INTRODUCTION

Lawrence Esper is the subject of a commitment petition filed pursuant to the Sexually Violent Predator Act, Welfare and Institutions Code section 6600 et seq. (SVPA).[1] By this petition for writ of mandate or prohibition, Esper challenges the respondent court's order denying his motion to dismiss the SVPA commitment petition. He argues that when the commitment petition was filed, he was not in lawful custody as required under section 6601, subdivision (a)(2) (section 6601(a)(2)) because his arrest in October 2007, which led to his custody on revocation of his parole, was made in violation of his due process rights.

We conclude a full evidentiary hearing, with oral testimony permitted, is necessary to determine whether Esper's arrest in October 2007 violated his due process rights and, if so, whether that arrest was the result of a good faith mistake of fact or law by law enforcement officials. We therefore grant the petition and issue a writ of mandate directing the respondent court to vacate its orders denying Esper's motion to dismiss the SVPA commitment petition, conduct an evidentiary hearing on the motion with oral testimony if requested, prepare written findings, and, based on those findings, reconsider Esper's motion.

---

[1] Further code references are to the Welfare and Institutions Code unless otherwise indicated.

2

## FACTS AND PROCEDURAL HISTORY

## I.

## Esper's Arrest and Parole Revocation and
## the SVPA Commitment Petition

In July 2007, a jury convicted Esper in Orange County Superior Court case No. 06CF3801 of violating Penal Code section 290 for failing to register as a sex offender. The court sentenced Esper to a two-year prison sentence with 916 days of custody credits.

On October 3, 2007, Esper was arrested by a parole agent for allegedly violating the terms of his parole by failing to register as a sex offender under Penal Code section 290. Esper had been paroled from his sentence imposed in case No. 06CF3801. On October 16, the district attorney filed a felony complaint, Orange County Superior Court case No. 07CF3431, alleging Esper violated section 290.

On October 19, 2007, the Board of Parole Hearings (BPH) conducted a parole revocation hearing for Esper. The hearing officer concluded that Esper had violated his parole for failing to register under Penal Code section 290. In its summary of revocation hearing and decision, the BPH revoked Esper's parole on the ground Esper had failed to comply with sex offender registration requirements by not registering at all addresses where he regularly resided. The BPH ordered that Esper be returned to custody for seven months.

Esper was the subject of an SVPA commitment petition (the SVPA Petition), filed on February 28, 2008. The next day, Judge Thomas James Borris reviewed the SVPA Petition and found it stated sufficient facts which, if true, would constitute probable cause to believe Esper was likely to engage in sexually violent predatory criminal behavior on his release from prison. As a consequence, Judge Borris ordered Esper to be detained pursuant to section 6601.5 in a secured facility until the probable cause hearing.

3

On March 26, 2008, the district attorney dismissed the felony complaint against Esper in case No. 07CF3431 and filed a new felony complaint, case No. 08CF0860, alleging Esper committed three separate violations of Penal Code section 290.

## II.

## The Preliminary Hearing

On April 8 and 9, 2008, Judge John S. Adams conducted a preliminary hearing in case No. 08CF0860. The only live testimony came from parole agent Jenina Comer.

Comer testified that on September 28, 2007, she searched for Esper to tell him to report to his parole officer for GPS monitoring. Comer found Esper at an address on North Broadway Street in Santa Ana. On October 1, Esper reported to Comer at the Irvine parole office. Comer informed Esper of his parole terms, among which were that Esper could not ride the buses at night to sleep and had to stay within a 50-mile radius of Orange County. Comer also informed Esper that a Howard Johnson Hotel in the City of Orange was inside an area in which he could reside. During the evening of October 1, Esper telephoned Comer and told her he had checked into that Howard Johnson Hotel. Comer told Esper to "de-register[]" from Costa Mesa and to register with the City of Orange.

On October 3, 2007, Esper contacted Detective Diaz at the Costa Mesa Police Department and told him he intended to register with the City of Orange. On the same day, Esper telephoned the Orange Police Department, spoke with Detective Franco, and tried to schedule an appointment to register as a sex offender. Franco did not give Esper an appointment and telephoned Comer. Franco told Comer that Esper was not wanted in the City of Orange, and stated, "why would you dare put [Esper] in their city." During the telephone conversation, Comer could hear Orange Police Captain Anderson saying, "Esper is not coming into our city."

4

Later the same day, Anderson telephoned Comer, and yelled at her that "Esper is not coming into our city." Anderson asked, "why don't you arrest him, or can't you put him in under [section] 5150?" In response, Comer stated that Esper had done nothing wrong, there was no basis for arresting him, and he had been evaluated by a doctor who concluded Esper was not a danger to the community.

Anderson told Comer that if she did not move Esper out of the City of Orange, fliers would be printed and distributed in the surrounding area to notify people that a high-risk sex offender was living at a particular location. Anderson said that if Comer did not move Esper out of the City of Orange, her face and that of her supervisor would be placed on the fliers and the fliers would state that Comer was allowing this sex offender into the community even though she knows he is going to grab a child.

Comer decided to arrest Esper. She had a sense from being a parole officer that Esper might still be living at the location on North Broadway Street in Santa Ana. On October 3, 2007, Comer went to the Howard Johnson Hotel in the City of Orange and there arrested Esper under Penal Code section 290 for failing to register the Santa Ana address as a residence.

On October 9, 2007, Comer telephoned Detective Kirchmeyer of the Santa Ana Police Department. She told him that Anderson had told her the Orange Police Department would not register Esper, and she ended up arresting him. Comer also told Kirchmeyer she was trying to get Esper's arrest for failure to register "to stick" because she "need[ed] to get him screened for S.V.P."

At the end of the preliminary hearing on April 9, 2008, Judge Adams, finding the evidence presented to be of "such scant weight," dismissed all of the charges against Esper. Judge Adams stated, "[i]t is abundantly clear from simply a cursory review of the [Penal Code section] 290 [registration] forms . . . what appears to be a good faith effort to comply with the registration requirements."

5

Judge Adams stated he was "deeply troubled" by the conduct of law enforcement officers. He explained: "[I]t would seem to this court and it comes very close to just simply shocking the conscience of this court that parole agent Comer was buffaloed by a police captain in Orange to make an arrest and to fill out whatever form she needed to do to comport to the fact that Mr. Esper was a resident at [the Santa Ana address]."

## III.

### The Motion to Dismiss the SVPA Petition

In June 2011, Esper filed a motion to dismiss the SVPA Petition on two grounds: (1) he was not in lawful custody at the time the SVPA Petition was filed, and (2) the individual and collective actions of Comer, Anderson, Franco, and Kirchmeyer constituted outrageous government conduct that "shocks the contemporary conscience." The district attorney opposed the motion. A hearing on the motion was conducted on September 6, 2011, at which the respondent court received in evidence, without objection from the district attorney, the reporter's transcript of the preliminary hearing in case No. 08CF0860. The respondent court also received in evidence a copy of the BPH's summary of revocation hearing and decision. At the conclusion of the hearing, the respondent court took the matter under submission.

By minute order entered on September 8, 2011, the respondent court denied Esper's motion to dismiss the SVPA Petition. The minute order recited these reasons: "The evidence before the Court indicates that Respondent's parole revocation was valid, in that after the hearing on same, he was sentenced to seven months time. It was while Respondent was in custody pursuant to his parole violation and the subsequent 45[-]day hold issued pursuant to . . . Section 6601.3 that the [SVPA] Petition was filed. While the criminal charges that were based on the same conduct as the parole revocation were subsequently dismissed, that finding does not affect the parole revocation, which is conducted by the executive branch. 'The power to grant and revoke parole is vested in

6

the Department of Corrections, not the courts.'  In re P[ra]ther, 50 Cal. 4th 238, 254 (2010) . . . ; [citation].  If Respondent believed there was error in the result of his parole revocation hearing, he could have sought habeas relief, id., but apparently did not, since there is nothing in the record to indicate that he did.  Because the parole revocation was valid and that was the basis of Respondent[']s custody, the motion is DENIED."

## IV.

### Appellate History

Esper filed this petition for writ of mandate or prohibition to challenge the respondent court's order denying his motion to dismiss the SVPA Petition.  On April 5, 2012, we issued an order summarily denying Esper's writ petition.  Esper petitioned the California Supreme Court for review of our order.  By order filed June 13, 2012, the California Supreme Court granted Esper's petition for review and transferred the matter back to this court with directions to "vacate its order denying mandate/prohibition and to issue an alternative writ to be heard before that court when the proceeding is ordered on calendar."

After receiving the Supreme Court's order, a majority of this panel issued an order to show cause directed to the respondent court.  In July 2012, Esper petitioned the California Supreme Court for review of the order to show cause.  By order filed August 15, 2012, the California Supreme Court granted Esper's petition for review and transferred the matter back to us with directions to vacate the order to show cause and to issue an alternative writ.  Thereafter, we issued an alternative writ to the respondent court directing it to grant Esper's motion to dismiss the SVPA Petition or to show cause why the motion should not be granted.

Meanwhile, on July 24, 2012, the district attorney filed a return to Esper's petition for writ of mandate or prohibition.  The return includes a verified answer.

After receiving the alternative writ, the respondent court, by minute order entered September 7, 2012, confirmed its denial of Esper's motion to dismiss the SVPA

7

Petition. The minute order stated: "The Court has re-reviewed the record in this matter and reconfirms its denial of [Esper's] Motion. [¶] While the Orange Police Department declined to register Mr. Esper, his arrest and parole violation were based on Mr. Esper's failure to register at an address located in Santa Ana. (Motion at 4:16, 6:3-4.) (The Court accepts these hearsay facts as true for purposes of this motion although the transcript relied on was not lodged with the Court, nor did [Esper] present any other evidence.) [¶] [Esper] had a parole revocation hearing on October 19, 2007, where he was found to be in violation and sentenced to a seven[-]month term. (People's Ex. 1.) Mr. Esper did not challenge the ruling of the parole revocation. After Mr. Esper was in custody, BPH issued a 45[-]day hold on January 6, 2008. The SVP[A P]etition was filed before the expiration of the hold. Further, Mr. Esper was held to answer on the initial filing of the section 290 charge, and that ruling was made prior to the SVP[A P]etition being filed. [¶] For all of these reasons, the Court finds that [Esper] has not met his burden to demonstrate that his custody was unlawful (Welf. & Inst. Code, section 6601, subd. (a)(2)), and declines to change its ruling on [Esper]'s Motion to Dismiss."

In an order filed on October 3, 2012, we invited Esper to file a reply to the district attorney's return and invited both parties to submit briefs addressing whether the respondent court showed cause for not complying with the alternative writ. Esper filed a reply to the return and a supplemental brief; the district attorney did not file a supplemental brief. We subsequently entertained oral argument.

### RELEVANT PROVISIONS OF THE SVPA

The SVPA provides for involuntary civil commitment of an offender immediately upon release from prison if the offender is found to be a sexually violent predator. (*People v. Yartz* (2005) 37 Cal.4th 529, 534.) A sexually violent predator is defined as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually

8

violent criminal behavior." (§ 6600, subd. (a)(1).) "'[A]n SVPA commitment proceeding is a special proceeding of a civil nature, because it is neither an action at law nor a suit in equity, but instead is a civil commitment proceeding commenced by petition independently of a pending action.'" (*People v. Yartz*, *supra*, at p. 536.)

An SVPA commitment petition may be filed "if the individual was in custody pursuant to his or her determinate prison term, parole revocation term, or a hold placed pursuant to Section 6601.3, at the time the petition is filed." (§ 6601(a)(2).) However, "[a] petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law." (*Ibid.*) Upon a showing of good cause, the BPH may order that the inmate remain in custody for up to 45 days beyond the inmate's scheduled release date to complete a full evaluation pursuant to section 6601, subdivisions (c) to (i). (§ 6601.3, subd. (a).)

## DISCUSSION

### I.

### Scope of Issues Under Review

The Supreme Court order directing us to issue an alternative writ, and the respondent court's failure to comply with the writ or to show cause, lead us first to address the scope of issues for our review. In his supplemental brief, Esper argues the respondent court's failure to grant his motion to dismiss the SVPA Petition or to show cause means we should grant his petition and issue a writ directing the respondent court to grant his motion to dismiss the SVPA Petition. We disagree.

A Supreme Court order directing the Court of Appeal to issue an alternative writ constitutes a determination only that the petitioner is without an adequate legal remedy. (*Borg-Warner Protective Services Corp. v. Superior Court* (1999) 75 Cal.App.4th 1203, 1207; *Bridgestone/Firestone, Inc. v. Superior Court* (1992) 7

9

Cal.App.4th 1384, 1389, fn. 4.) "It does not stand for the proposition that the Supreme Court has determined that petitioner was correct on the merits, or justified, but merely that extraordinary relief is the only adequate avenue for review." (*Bridgestone/Firestone, Inc. v. Superior Court*, *supra*, at p. 1389, fn. 4.)

The alternative writ directed the respondent court to grant Esper's motion to dismiss the SVPA Petition or to show cause why the motion should not be granted. (See Code Civ. Proc., § 1087.) When an appellate court issues an alternative writ, the respondent court may grant the requested relief, in which case the writ petition becomes moot. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1239-1240.) "'[O]therwise, the respondent and/or the real party in interest may file a written return setting forth the factual and legal bases which justify the respondent's refusal to do so. [Citations.]' [Citation.]" (*Id.* at p. 1240.) "If the court issues an alternative writ or order to show cause, the respondent or any real party in interest . . . may serve and file a return by demurrer, verified answer, or both." (Cal. Rules of Court, rule 8.487(b)(1).)

The respondent court denied Esper's motion to dismiss the SVPA Petition and in response to the alternative writ confirmed that decision. As Esper argues, the respondent court did not show cause by filing a return; however, the district attorney did file a return with a verified answer and legal argument. Although the return was filed before we issued the alternative writ, the effect of the return nonetheless was to join the issues and create a "'cause'" to be decided in writing with reasons stated as required by article VI, section 14 of the California Constitution. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.) "The issues joined by the petition and return must therefore be decided . . . in a written opinion." (*Ibid.*)

Accordingly, only the adequacy of Esper's legal remedy has been determined. We must address and decide the issues joined by the petition and the return. We turn to those issues.

## II.

### Whether Esper Was in Lawful Custody Based on the
### BPH's Decision to Revoke His Parole

When the SVPA Petition was filed, Esper was being held in custody under a hold placed pursuant to section 6601.3. At the time the hold was granted, and at the time the SVPA Petition was filed, Esper was in custody pursuant to the BPH decision revoking his parole for failure to register under Penal Code section 290; that is, he was in custody "pursuant to his . . . parole revocation term." (§ 6601(a)(2).) On October 19, 2007, the BPH had revoked Esper's parole and ordered that he be returned to custody for seven months. The SVPA Petition was filed on February 28, 2008, during the period in which Esper had been returned to custody.

Esper contends that parole revocation was unlawful—he was not in lawful custody when the SVPA Petition was filed—because Judge Adams later determined, following the preliminary hearing, that Esper's arrest and incarceration for parole violation were unlawful. Esper argues that Judge Adams found that Esper's arrest for parole violation was the product of a due process violation, and the respondent court erred by ignoring Judge Adams's findings and concluding instead it was bound by the BPH's decision to revoke Esper's parole.

Executive action, including the actions of law enforcements officials, violates substantive due process when it so outrageous that is can be said to shock the conscience. (*County of Sacramento v. Lewis* (1998) 523 U.S. 833, 847.) In *County of Sacramento v. Lewis,* the United States Supreme explained: "Our cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' [citation] . . . . Thus, in *Collins v. Harker Heights*[ (1992) 503 U.S. 115], for example, we said that the Due Process Clause was intended to prevent government officials ""'from abusing [their]

11

power, or employing it as an instrument of oppression.'"' [Citation.] [¶] To this end, for half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience. We first put the test this way in *Rochin v. California* [(1952) 342 U.S. 165,] 172-173 . . . , where we found the forced pumping of a suspect's stomach enough to offend due process as conduct 'that shocks the conscience' and violates the 'decencies of civilized conduct.' In the intervening years we have repeatedly adhered to *Rochin*'s benchmark. [Citations.] Most recently, in *Collins v. Harker Heights*, *supra*, at 128 . . . , we said again that the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' While the measure of what is conscience shocking is no calibrated yard stick, it does, as Judge Friendly put it, 'poin[t] the way.' [Citation.]" (*Id.* at pp. 846-847.)

In support of his motion to dismiss the SVPA Petition, Esper offered into evidence the reporter's transcript of the preliminary hearing in case No. 08CF0860. The district attorney did not object to the reporter's transcript, and the respondent court received it in evidence. Comer's testimony at the preliminary hearing would support a finding that law enforcement officials, including Comer, Franco, Anderson, and Kirchmeyer, secured Esper's arrest by means of outrageous conduct that shocked the conscience and violated due process.

Judge Adams commented that the actions of those law enforcement officials was "simply shocking the conscience of this court"; however, that comment does not amount to a finding of fact or a determination that Esper's arrest was unlawful. The only finding, express or implied, to be drawn from Judge Adam's decision to dismiss the felony charges against Esper was the evidence was insufficient to establish sufficient cause to hold him to answer. The role of the magistrate in a preliminary hearing is limited to determining whether there is "sufficient cause" to believe an offense has been committed. (Pen. Code, § 872, subd. (a).) The issue whether Esper suffered a due

12

process violation therefore was not tried and fully adjudicated at the preliminary hearing. As the district attorney asserts, "[t]he court only made a probable cause determination as to the sufficiency of evidence to support the criminal charges alleged in th[e] felony complaint."

Although the comments of Judge Adams do not amount to an adjudication that Esper's arrest and parole revocation were unlawful, we share his concerns over what appears, based on the reporter's transcript of the preliminary hearing, to be a gross violation of Esper's due process rights. Reversal of a conviction or dismissal of criminal charges may be an appropriate remedy under certain circumstances for due process violations. (*Rochin v. California* (1952) 342 U.S. 165, 174; *Barber v. Municipal Court* (1979) 24 Cal.3d 742, 759-760; *Morrow v. Superior Court* (1994) 30 Cal.App.4th 1252, 1259-1260, 1263.) In this case, if Esper's arrest in October 2007 were the result of outrageous government conduct amounting to a due process violation, then he would not have been in lawful custody under section 6601(a)(2) when the SVPA Petition against him was filed.

Another evidentiary hearing on Esper's motion to dismiss the SVPA Petition, with oral testimony permitted, is necessary and just to determine whether Esper was the victim of conduct by law enforcement officials that was shocking to the conscience. Were this a proceeding in habeas corpus, an evidentiary hearing would be required because our consideration of the petition, the district attorney's return, and the supporting evidence leads us to find "a reasonable likelihood that [Esper] may be entitled to relief and [Esper]'s entitlement to relief depends on the resolution of an issue of fact." (Cal. Rules of Court, rule 8.386(f)(1).) We see no reason to treat Esper's petition for writ of mandate or prohibition differently. In addition, SVPA commitment proceedings are civil in nature (*People v. Yartz*, *supra*, 37 Cal.4th at p. 536), and, at civil law and motion hearings, the court may permit oral testimony for good cause shown (Cal. Rules of Court,

13

rule 3.1306(a)). We find good cause for permitting oral testimony at a hearing on Esper's motion to dismiss the SVPA Petition.

The evidentiary hearing should be directed to these issues: (1) whether Esper's arrest for parole violation in October 2007 resulted from or constituted a due process violation, that is, whether the actions of law enforcement officials were "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" (*County of Sacramento v. Lewis*, *supra*, 523 U.S. at p. 847, fn. 8); (2) if so, whether the actions of law enforcement officials in arresting Esper and placing him in custody for parole violation in October 2007 were the result of a good faith mistake of fact or law;[2] and (3) any other issues necessary to determine (a) whether Esper's arrest for parole violation in October 2007 was lawful and (b) whether Esper was in lawful custody within the meaning of section 6601(a)(2) when the SVPA Petition was filed. Following the evidentiary hearing, the respondent court must prepare written findings and, based on those findings, reconsider Esper's motion to dismiss the SVPA Petition under section 6601(a)(2).

To guide the respondent court on remand, if the evidence on remand is consistent with Comer's testimony at the preliminary hearing, and the court finds that evidence credible, then there would be no "good faith" mistake.

At oral argument, the district attorney argued an evidentiary hearing would serve no purpose because, whatever the result of that hearing, the respondent court cannot invalidate or reverse the BPH decision to revoke Esper's parole without violating the doctrine of separation of powers. (Cal. Const., art. III, § 3.) It is true, as the district attorney contends, the decision to revoke parole is committed entirely to the BPH's

---

[2] We disagree with the district attorney's contention that the relevant inquiry is whether the BPH's parole revocation decision was the result of a good faith mistake of fact or law. In this case, the proper inquiry under section 6601(a)(2) is whether Esper's custody, if unlawful, was the result of a good faith mistake of fact or law by the law enforcement officials in arresting Esper, not by the BPH in deciding to revoke his parole.

14

judgment and discretion with a constitutionally based veto power vested in the Governor. (*In re Prather* (2010) 50 Cal.4th 238, 251.) An evidentiary hearing into and determination of the legality of Esper's arrest for parole violation in October 2007 would not intrude into the BPH's powers because Esper long ago completed the seven-month parole revocation term ordered by the BPH. Without violating separation of powers, the respondent court can inquire into the legality of the police conduct and arrest that placed Esper in the position in which the BPH could revoke his parole, and, ultimately, placed him in custody for purposes of filing an SVPA commitment petition.

Esper did not challenge the BPH's decision to revoke his parole by petition for writ of habeas corpus. (*In re Prather*, *supra*, 50 Cal.4th at pp. 251-252; *In re Bowers* (1974) 40 Cal.App.3d 359, 362.) But the only factual issues resolved by the BPH at the parole revocation hearing were "whether [Esper] is required to register under Penal Code section 290 and whether [Esper] failed to register." (Cal. Code Regs., tit. 15, § 2645, subd. (a).) Nothing in the BPH order revoking Esper's parole indicates the BPH considered whether Esper's October 2007 arrest for parole violation was unlawful.

Esper could not have raised his potential due process claim at the BPH hearing because he would not have learned of that claim at least until Comer testified at the preliminary hearing in April 2008. Since the BPH did not address any claim of a due process violation, and Esper could not have raised it during the parole revocation hearing, the BPH's decision to revoke parole does not collaterally estop Esper from making that due process claim in support of his motion to dismiss the SVPA Petition. (See *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 ["the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"].) If law enforcement officials arrested Esper in October 2007 and placed him in custody in violation of his due process rights, then his custody was unlawful for purposes of section 6601(a)(2), notwithstanding the later BPH determination to revoke his parole.

15

### DISPOSITION AND ORDER

The petition for writ of mandate is granted. Let a writ of mandate issue directing the respondent court to do the following:

1. Vacate its September 8, 2011 order and September 7, 2012 order denying Esper's motion to dismiss the SVPA Petition;

2. Conduct another evidentiary hearing, with oral testimony permitted, on Esper's motion to dismiss the SVPA Petition. The evidentiary hearing should be directed to these issues: (1) whether Esper's arrest for parole violation in October 2007 was the result of or constituted a due process violation; (2) if so, whether the actions of law enforcement officials in arresting Esper and placing him in custody for parole violation in October 2007 were the result of a good faith mistake of fact or law; and (3) any other issues necessary to determine (a) whether Esper's arrest for parole violation in October 2007 was lawful and (b) whether Esper was in lawful custody within the meaning of section 6601(a)(2) when the SVPA Petition was filed.

3. Prepare written findings and, based on them, reconsider and decide Esper's motion to dismiss the SVPA Petition.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

16