FILED

**NOT FOR PUBLICATION**

APR 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DEMIAN TREVOR O'KEEFFE, | No. 11-17558 |
| Plaintiff-Appellant, | D.C. No. 2:04-cv-01695-GGH |
| v. | |
| KARLA ERKENBRECHER, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted July 10, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

Demian Trevor O'Keeffe appeals from summary judgment granted to Carla

Erkenbrecher. Erkenbrecher was O'Keeffe's parole officer who allegedly failed to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

give O'Keeffe notice of his parole retention while he was being supervised in Nevada. This alleged failure caused O'Keeffe to not initially appeal his parole retention. O'Keeffe was subsequently advised of his parole retention (when he was back in prison) and was allowed the right to appeal that retention. O'Keeffe did not then appeal the retention and initiated this 42 U.S.C. § 1983 lawsuit in 2004 claiming due process violations for the claimed initial failure of notification.

Previous proceedings in this case prior to remand are stated in *O'Keeffe v. Rimmer, et al.*, No. 07-15831, 328 Fed. Appx. 563 (9th Cir. July 7, 2009) (memorandum of disposition). On remand, Erkenbrecher, the remaining Defendant, again moved for summary judgment. The Magistrate Judge agreed that no liberty interest was created by California Penal Code Section 3001. Accordingly, he denied Plaintiff's motion for summary judgment and granted Defendant's cross motion for summary judgment. This appeal followed.

The process for retaining an individual on parole in California does not provide the individual with the right to attend the hearing or otherwise be heard. Cal. Code Regs.tit. 15, § 2535(c) (2015). Instead, the Board of Prison Terms ("BPT") makes its determination independently and then must subsequently send notice of its determination to the parolee. Cal. Penal Code § 3001(a)(3). The parolee then has the right to appeal the BPT's decision. Cal. Code Regs.tit. 15, § 2535(c) (2015).

2

O'Keeffe argues that he was denied due process because he allegedly did not receive notice of his retention on parole and as a result was not able to make a timely appeal of the retention.

Multiple California cases have addressed situations where notice of parole retention was not properly sent to a parolee. *See People v. Jack*, 70 Cal. Rptr. 2d 676, 678 (Cal. Ct. App. 1997); *In re Ruzicka*, 281 Cal. Rptr. 435, 438 (Cal. Ct. App. 1991). In each of the California cases, the California Court of Appeal concluded that the failure to send notice of the BPT's determination was a due process violation. *See, e.g.*, *Jack*, 70 Cal. Rptr. 2d at 678-79. However, after finding a due process violation, the California Court of Appeal explained:

> Appellant had no right to participate in the initial BPT proceeding to determine whether his parole would be extended. Thus, that decision and appellant's resulting parole status were valid and effective unless set aside on administrative appeal of the determination. Accordingly, the appropriate remedy now is to place appellant in the position he would have been had he been accorded due process. We therefore remand to allow the trial court to modify its ruling by ordering the CDC to transmit to appellant a copy of the written parole retention record so that he may have the opportunity to pursue his right of appeal.

*Id.* at 679 (footnotes omitted).

Although California appellate court cases do not bind our court, the Supreme Court, in *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986), has determined that, when a plaintiff

claims a deprivation of a liberty or property interest caused by an unauthorized act by a state actor, the plaintiff cannot state a claim when the state provides an adequate post-deprivation remedy. *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). "Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).

In this case, it is undisputed that the state subsequently provided O'Keeffe with a copy of the BPT's parole retention determination and allowed him to appeal, the exact remedy provided under California law. O'Keeffe argues that the remedy was not adequate because he did not receive notice of the retention determination until ten months after he had been returned to prison. Although not binding upon this court, we note that parolees in California cases have had to wait much longer for relief. *See, e.g.*, *In re Ruzicka*, 281 Cal. Rptr. at 436-37 (2 years). O'Keeffe recognizes that although *Swarthout* held that federal courts should defer to state courts on questions of whether state law was properly applied, the case also held that such a determination had no bearing on whether due process was satisfied. We hold that the remedy

4

provided by California in this case, under these facts, was an adequate post-deprivation remedy. Therefore, assuming, without deciding, that O'Keeffe's due process rights were violated, he nonetheless received the appropriate state remedy. Under the facts of this case, due process was satisfied by the remedy provided. O'Keeffe chose to not avail himself of the post-deprivation remedy. Thus, O'Keeffe cannot state a claim under *Parratt*.

The dismissal of O'Keeffe's claims is affirmed.